FILED

DEC 1 7 1999

U.S. DISTRICT COURT
CLARKSBURG, WV 26301

## THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MICHAEL S. FRANCIS,                          :
WILLIAM E. CARPENTER, JR.,                   :
MICHAEL H. SCHWARTZ,                         :
                                             :
            Plaintiffs,                      :
                                             :
    v.                                       :Civil Action No. 5:99CV151
                                             :(STAMP)
PENNPOWER, INC.,                             :
TAMROCK CORP.,                               :
                                             :
            Defendants.                      :

### DEFENDANTS' ANSWER AND COUNTERCLAIM

Defendant PennPower, Inc. ("PennPower") and Defendant Tamrock Corp. ("Tamrock"),

by their undersigned counsel, for their answer to the complaint and their counterclaim, state

as follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

This Court lacks personal jurisdiction over Defendants.

### THIRD AFFIRMATIVE DEFENSE

For their Third Affirmative Defense, Defendants respond to the numbered paragraphs

of the Complaint as follows:

1.      Admitted in part and denied in part.  Upon information and belief, Defendants admit that Michael S. Francis is an individual who is a resident of the Commonwealth of Pennsylvania with his principal residence situated within Allegheny County.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 1 and therefore deny the averments.

2.      Admitted in part and denied in part.  Upon information and belief, Defendants admit that Jenny L. Francis was a resident of the State of South Carolina at the time of her death.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 2 and therefore deny the averments.

3.      Admitted in part and denied in part.  Upon information and belief, Defendants admit that Michael H. Schwartz is an individual who is a resident of the Commonwealth of Pennsylvania with his principal residence situated within Allegheny County.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 3 and therefore deny the averments.

4.      Admitted.

5.      Admitted in part and denied in part.  Defendants admit that Tamrock is a foreign corporation organized under and existing pursuant to the laws of Finland.  Defendants deny the remaining averments of paragraph 5 of the complaint.

6.      Paragraph 6 of the complaint states a legal conclusion as to which no response is required.  To the extent a response is required, Defendants deny the averments.

7.      Paragraph 7 of the complaint states a legal conclusion as to which no response is required.  To the extent a response is required, Defendants deny the averments.  Further answering, this action has been removed to the United States District Court for the Northern District of West Virginia.

8.      Admitted in part and denied in part.  Defendants deny that a true copy of the Stock Option Agreement is attached to the complaint inasmuch as the attached copy lacks the exhibits to the Stock Option Agreement.  Defendants admit that the Stock Option Agreement attached to the complaint is a true copy of the Stock Option Agreement except for the lack of the exhibits.  Defendants admit the remaining averments of paragraph 8.

9.      Denied as stated.  The Stock Option Agreement, being a writing, speaks for itself.  Defendants refer to the Stock Option Agreement for a full statement of its terms.

10.     Admitted upon information and belief.

11.     Admitted.

12.     Admitted.

13.     Denied as stated.  The Stock Option Agreement, being a writing, speaks for itself.  Defendants refer to the Stock Option Agreement for a full statement of its terms.  Further answering, PennPower would acquire title to the Shares only if the Shares were "put" or "called" pursuant to the terms of the Stock Option Agreement.

14.     Admitted with qualification.  The Stock Option Agreement, being a writing, speaks for itself.  Defendants refer to the Stock Option Agreement for a full statement of its terms.

-3-

15.     Admitted.

16.     Admitted.

17.     Admitted in part with qualification and denied in part.   The Stock Option Agreement, being a writing, speaks for itself.  Defendants refer to the Stock Option Agreement for a full statement of its terms.  Defendants deny that plaintiffs were entitled to be paid the Additional Payment.

18.     Admitted with qualification.  The Stock Option Agreement, being a writing, speaks for itself.  Defendants refer to the Stock Option Agreement for a full statement of its terms.

19.     Admitted with qualification.  The Stock Option Agreement, being a writing, speaks for itself.  Defendants refer to the Stock Option Agreement for a full statement of its terms.

20.     Admitted with qualification.  The Stock Option Agreement, being a writing, speaks for itself.  Defendants refer to the Stock Option Agreement for a full statement of its terms.

21.     Denied as stated.  The Stock Option Agreement, being a writing, speaks for itself.  Defendants refer to the Stock Option Agreement for a full statement of its terms.

22.     Admitted with qualification.  PennPower has not made the Additional Payment because the Conditions for the Additional Payment under the Stock Option Agreement have not been met.  Thus, the Additional Payment is not due and owing.  Further, any obligation to

make the Additional Payment terminated on June 30, 1994, at 5:00 p.m. under the express terms of the Stock Option Agreement.

**FIRST COUNT**
(Declaratory Relief)

23.    Defendants incorporate their responses to paragraphs 6 through 22, inclusive, set forth above as though set forth fully herein.

24.    Denied.  The sale of the Shares did not satisfy and cannot be deemed to satisfy the conditions set forth in the Stock Option Agreement for the Additional Payment.  Further, the sale of the Shares did not occur until after June 30, 1994.  Any obligation to make the Additional Payment terminated on June 30, 1994, at 5:00 p.m. under the express terms of the Stock Option Agreement.

25.    Denied.  The sale of the Shares did not satisfy and cannot be deemed to satisfy the conditions set forth in the Stock Option Agreement for the Additional Payment.  Further, the sale of the Shares did not occur until after June 30, 1994.  Any obligation to make the Additional Payment terminated on June 30, 1994, at 5:00 p.m. under the express terms of the Stock Option Agreement.

26.    Denied.  The sale of the Shares did not satisfy and cannot be deemed to satisfy the conditions set forth in the Stock Option Agreement for the Additional Payment.  Further, the sale of the Shares did not occur until after June 30, 1994.  Any obligation to make the Additional Payment terminated on June 30, 1994, at 5:00 p.m. under the express terms of the Stock Option Agreement.

-5-

27.     Denied.  Further answering, at all times Defendants acted in good faith, with due diligence, and in accordance with the terms of the Stock Option Agreement.  Defendants deny that they took any actions or inactions that caused the Conditions not to be fulfilled.

28.     Paragraph 28 of the complaint states a legal conclusion as to which no response is required.  To the extent a response is required, Defendants deny the averments.

29.     Denied.  Plaintiffs are not entitled to the declaration sought.

**SECOND COUNT**
(Breach of Contract)

30.     Defendants incorporate their responses to paragraphs 6 through 22, inclusive, and paragraphs 24 through 29, inclusive, set forth above as though set forth fully herein.

31.     Denied.   The conditions set forth in the Stock Option Agreement for the Additional Payment have not been met.  Moreover, any obligation to make the Additional Payment terminated on June 30, 1994, at 5:00 p.m. under the express terms of the Stock Option Agreement.

32.     Denied.  PennPower has not breached any contractual obligations to Plaintiffs.

33.     Denied.  Defendants deny that Plaintiffs have been damaged as a result of any actions or inactions of PennPower.  Defendants further deny that Plaintiffs are entitled to the amount of the Additional Payment, interest or expenses of collection.

-6-

## THIRD COUNT
### (Breach of Contract)

34.     Defendants incorporate their responses to paragraphs 6 through 22, inclusive, and paragraphs 24 through 29, inclusive, and paragraphs 31 through 33, inclusive, set forth above as though set forth fully herein.

35.     Denied as stated.  The Stock Option Agreement, being a writing, speaks for itself.  Defendants refer to the Stock Option Agreement for a full statement of its terms.  Defendants deny that the Additional Payment is due and owing under the terms of the Stock Option Agreement.  Defendants further deny that Plaintiffs are entitled to receipt of the Additional Payment.

36.     Admitted with qualification.  PennPower has not made the Additional Payment because the Conditions for the Additional Payment under the Stock Option Agreement have not been met.  Thus, the Additional Payment is not due and owing.  Further, any obligation to make the Additional Payment terminated on June 30, 1994, at 5:00 p.m. under the express terms of the Stock Option Agreement.

37.     Denied.  Tamrock is not obligated to make the Additional Payment.  The Conditions for the Additional Payment under the Stock Option Agreement have not been met.  Thus, the Additional Payment is not due and owing.  Further, any obligation to make the Additional Payment terminated on June 30, 1994, at 5:00 p.m. under the express terms of the Stock Option Agreement.  Defendants further deny that Plaintiffs are entitled to the amount of the Additional Payment, interest or expenses of collection.

**FOURTH COUNT**
(Breach of the Covenant of Good Faith and Fair Dealing)

38.     Defendants incorporate their responses to paragraphs 6 through 22, inclusive, and paragraphs 24 through 29, inclusive, and paragraphs 31 through 33, inclusive, and paragraphs 35 through 37, inclusive, set forth above as though set forth fully herein.

39.     Denied.  Defendants deny that they had any obligation to fulfill the Conditions or to cause the Conditions to be fulfilled.  Defendants further deny that they took any actions or inactions that caused the Conditions not to be fulfilled.

40.     Paragraph 40 of the complaint states a legal conclusion as to which no response is required.  To the extent a response is required, Defendants deny the averments.  Further answering, at all times Defendants acted in good faith and fairness, with due diligence, and in accordance with the terms of the Stock Option Agreement.

41.     Denied.  Defendants deny that they had any obligation to fulfill or satisfy the Conditions or to cause the Conditions to be fulfilled or satisfied.  Defendants further deny that they took any actions that caused the Conditions not to be fulfilled or satisfied.

42.     Denied.  Defendants deny that they have taken any actions to prevent Plaintiffs from receiving the Additional Payment inasmuch as Plaintiffs are not entitled the Additional Payment.  Further answering, the Conditions for the Additional Payment under the Stock Option Agreement have not been met.  Defendants deny that they took any actions that caused the Conditions not to be fulfilled or satisfied.  Thus, the Additional Payment is not due and owing.  Further, any obligation to make the Additional Payment terminated on June 30, 1994,

-8-

at 5:00 p.m. under the express terms of the Stock Option Agreement. Defendants deny that they had any obligation to inform Plaintiffs regarding the sale of the Shares or to divulge the terms and conditions of the sale.

43.     Paragraph 43 of the complaint states a legal conclusion as to which no response is required. To the extent a response is required, Defendants deny the averments. Further answering, at all times Defendants acted in good faith and fairness, with due diligence, and in accordance with the terms of the Stock Option Agreement.

44.     Denied. Paragraph 44 of the complaint states a legal conclusion as to which no response is required. To the extent a response is required, Defendants deny the averments. Further answering, at all times Defendants acted in good faith and fairness, with due diligence, and in accordance with the terms of the Stock Option Agreement. Defendants deny that Plaintiffs have been damaged as a result of any actions or inactions of Defendants. Defendants further deny that Plaintiffs are entitled to the amount of the Additional Payment, interest or expenses of collection.

WHEREFORE, Defendants demand that judgment be entered in favor of Defendants and against Plaintiffs, that Defendants be awarded their costs in this action and such further relief as the Court deems necessary and appropriate.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the applicable statutes of limitation in that any claim for the Additional Payment accrued no later than June 30, 1994.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

The necessary conditions under the Stock Option Agreement were not fulfilled and thus Defendants have no obligation to make the Additional Payment.

## EIGHTH AFFIRMATIVE DEFENSE

The necessary conditions under the Stock Option Agreement had to be fulfilled prior to June 30, 1994, but were not fulfilled by June 30, 1994, and thus Defendants have no obligation to make the Additional Payment.

## NINTH AFFIRMATIVE DEFENSE

The sale of the Shares in July of 1997 did not cause the conditions to be fulfilled.

## TENTH AFFIRMATIVE DEFENSE

The conditions were not fulfilled due to the actions and inactions of Plaintiffs.

## ELEVENTH AFFIRMATIVE DEFENSE

If any moneys are owing to Plaintiffs, Defendants are entitled to offset those amounts against the amounts owed by Plaintiffs to Defendants.

## COUNTERCLAIM

Defendant PennPower, Inc. ("PennPower") and Defendant Tamrock Corp. ("Tamrock"), by their  undersigned counsel, for their counterclaim against Plaintiffs Michael S. Francis,

-10-

William E. Carpenter, Jr., in his capacity as executor of the estate of Jenny L. Francis, and Michael H. Schwartz ("Plaintiffs"), state as follows:

1.      Defendant PennPower, Inc. is an entity organized under the laws of the State of Delaware, which at this time does no business, has no principal place of business, and still exists as a corporate entity solely for the purpose of defending the claims asserted by Plaintiffs in their complaint in this action.

3.      Defendant Tamrock Corp. is an entity organized under the laws of Finland with its principal place of business located in Finland.

4.      Plaintiff Michael S. Francis is an individual and a citizen of the Commonwealth of Pennsylvania.

5.      Plaintiff William J. Carpenter is an individual who brings these claims in his capacity as the executor of the estate of Jenny L. Francis.  At the time of her death, Jenny L. Francis was a citizen of the State of South Carolina.

6.      Plaintiff Michael H. Schwartz is an individual and a citizen of the Commonwealth of Pennsylvania.

7.      This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(3) based upon diversity of citizenship.  The amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

8.      On or about November 15, 1993, Plaintiffs and PennPower, then known as SAWCO, entered into a Stock Option Agreement.  A true and correct copy of the Stock Option Agreement, without the exhibits thereto, is attached to Plaintiff's complaint as Exhibit 1.

-11-

9.    Pursuant to the terms of the Stock Option Agreement and as specified in paragraphs 6 and 11 of the Stock Option Agreement, Plaintiffs made certain representations, warranties and covenants, including covenants to cause Mid-Atlantic Energy of Pa, Inc. to work to achieve the "Conditions" defined in the Stock Option Agreement and negotiating certain settlements.

10.    Plaintiffs breached their obligations and covenants under the Stock Option Agreement by, among other things, failing to use their best efforts as required under paragraph 6 of the Stock Option Agreement to achieve the Conditions and negotiate settlements which would have resulted in the release of funds to Defendants.

11.    Defendants have been damaged by Plaintiffs breach of the Stock Option Agreement in an amount in excess of $75,000.

WHEREFORE, Defendants/Counterclaim-Plaintiffs demand (1) judgment in their favor and against Plaintiffs/Counterclaim-Defendants on this Counterclaim, (2) an award of damages in favor of Defendants/Counter-claim Plaintiffs, (3) an award of interest, (4) an award of costs, and (5) such other relief as this Court deems just and proper.

STEPTOE & JOHNSON
  Of Counsel

Larry J. Rector (W. Va. Bar #6418)
Bank One Center
P. O. Box 2190
Clarksburg, WV  26302-2190

Attorney for Defendants
PennPower, Inc. and Tamrock Corp.

Dated: December 17, 1999

-12-

THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MICHAEL S. FRANCIS,                          :
WILLIAM E. CARPENTER, JR.,                   :
MICHAEL H. SCHWARTZ,                         :
                                             :
            Plaintiffs,                      :
                                             :
v.                                           :Civil Action No. 5:99CV151
                                             :(STAMP)
PENNPOWER, INC.,                             :
TAMROCK CORP.,                               :
                                             :
            Defendants.                      :

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this date a true and correct copy of the foregoing

was served by United States first class mail, postage prepaid, upon the following:

> Dana F. Eddy
> Shawn L. Reed
> Jackson & Kelly PLLC
> 1600 Laidley Tower
> P.O. Box 553
> Charleston, WV 25322

Vanessa L. Goddard
(#7447)

Dated: December 17, 1999

CL580076.1